Mr. Michael W. Frey Camden City Attorney
117 Jefferson SW Camden, Arkansas 71701
Dear Mr. Frey:
You have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA"). Your request, which is made as the attorney for the custodian, is based on A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel or employee evaluation records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
Your letter indicates that someone has requested records pertaining to "any internal affairs investigations regarding" two officers. I assume the two records attached to your opinion request constitute all the records that the custodian believes are responsive to this request. The custodian has determined that one document — a letter detailing one officer's suspension, must be disclosed — while the other document — a reprimand letter — must be withheld. You ask whether these two decisions are consistent with the FOIA.
RESPONSE
My statutory duty is to state whether the decision of the custodian of records is consistent with the FOIA. Having reviewed the records, it is my opinion (1) that the custodian has correctly classified the two records as employee-evaluation records; and (2) that the custodian has correctly determined that the suspension letter must be released, while the reprimand letter must be withheld. *Page 2 
DISCUSSION I. General standards governing disclosure.
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
The first two elements appear met in this case. As for the first element, the documents are held by the police department, which is a public entity. As for the second element, the FOIA defines "public record" as:
 writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.[1]
The two documents you have attached clearly constitute a record of the performance or lack of performance of the official functions of both the reviewing officer and the two officers being reviewed. Accordingly, both documents are public records and must, therefore, must be released unless some specific exception shields them from disclosure.
II. Exceptions to disclosure.
The custodian has apparently determined that both records meet the definition of an employee-evaluation record, which is a type of public record commonly found *Page 3 
in employees' personnel files.[2] While the FOIA does not define "employee-evaluation or job performance record," this office has consistently opined that the phrase refers to records that were created by (or at the behest of) the employer that detail the employee's performance or lack of performance on the job.[3] This exception includes records generated while investigating allegations of employee misconduct that detail incidents that gave rise to an allegation of misconduct.[4]
In this instance, both public records you have attached clearly meet the definition of an employee-evaluation record because both records were created by (or at the behest of) the employer to evaluate the named officers.
When a public record qualifies as an employee-evaluation record, the document cannot be released unless all of the following elements have been met:
 1. The employee was suspended or terminated (i.e., level of discipline);
 2. There has been a final administrative resolution of the suspension or termination proceeding (i.e., finality);
 3. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee (i.e., relevance); and
 4. The public has a compelling interest in the disclosure of the records in question (i.e., compelling interest).[5] *Page 4 
As for the final prong, the FOIA never defines the key phrase "compelling public interest." But two leading commentators on the FOIA, referring to this office's opinions, have offered the following guidelines:
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.[6]
These commentators also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists, [7]
which is always a question of fact that must be determined, in the first instance, by the custodian after he considers all the relevant information.
The primary purpose of this exception is to preserve the confidentiality of the formal job-evaluation process in order to promote honest exchanges in the employee/employer relationship.[8] *Page 5 
In this instance, the four-part test must be separately applied to each employee-evaluation record, just as the custodian has done. Under this test, the custodian's decision to withhold the letter-of-reprimand is consistent with the FOIA because the letter is not relevant to a final suspension or terminationproceeding. Likewise, the custodian's decision with respect to the suspension letter is consistent with the FOIA because all of the conditions for release are clearly met. There is no question that the first three elements are met. And, as for the fourth element, this office has consistently opined that, with respect to allegations of police misconduct, a compelling public interest likely exists in information reflecting a violation of departmental rules by a "cop on the beat" in his interactions with the public. Given that the disciplinary record indicates that such an infraction occurred, the custodian's determination — that the public has a compelling interest in the records — is consistent with the FOIA, in my opinion.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/RO:cyh
[1] A.C.A. § 25-19-103(5)(A) (Supp. 2009).
[2] The FOIA describes these records in A.C.A. § 25-19-105(c)(1): "Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."
[3] Op. Att'y Gen. 2004-012 (and opinions cited therein).
[4] Id.
[5] A.C.A. § 25-19-105(c)(1) (Supp. 2009); Op. Att'y Gen. 2008-065.
[6] John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 217-18 (internal citations omitted).
[7] Id. at 216 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.").
[8] Cf. Op. Att'y Gen. 96-168; Watkins Peltz,supra, at 204. *Page 1